**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| LEE CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4956 |
| | § | |
| US SECURITIES & EXCHANGE COMMISSION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Lee Carter, proceeding *pro se* and *in forma pauperis*, is suing the Securities and Exchange Commission, seeking to compel it to register shares of his company, Free Movers, Inc. The complaint reads:

> I am filing a suit against the Securities and Exchange Commission. I am attempted to register 5 billion shares of stock with the SEC however I am a small minority owned business and I have no resources to complete the process unlike some of the larger companies. I have in my opinion provided adequate information for my stock to be registered but the SEC continues to provide me with vague blanket response that are saying I have not provided enough information which I feel I have. I am not seeking any monetary damages. I am only asking that the SEC provide me with registration for these shares so that I may legally sell them on the Pink Sheet exchange.

(Docket Entry No. 1). Carter attached an October 15, 2010 letter from the SEC explaining the its reasons for denying the registration: "the financial statements are stale, have not been prepared in accordance with GAAP and lack footnotes for all periods presented. Furthermore, . . . your most recent amendment was not signed and you have not provided all of the exhibits required by Form

1-A." (*Id.* at 2). He also attached what appear to be documents related to his application for registration.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Under 28 U.S.C. § 1915(e)(2) (B)(i), a court may dismiss the suit "'before service of process or before the filing of the answer' as long as certain safeguards are met." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is based on an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir.1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Although a *pro se* plaintiff's claims must be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), a *pro se* pleading must assert a claim on which relief can be granted, not merely conclusory allegations.

The Securities Exchange Act of 1933, 15 U.S.C. § 77a, *et seq.*, prohibits the sale of securities "unless a registration statement is in effect." *Id.* § 77e(a). There is no allegation in the complaint, even construed in the liberal fashion appropriate for *pro se* filings, that the S.E.C. has arbitrarily refused to approve the offering statement. To the contrary, Carter acknowledges in his complaint that he has not "completed the process" due to his lack of resources. His asserted belief that he has provided sufficient information is insufficient to state a plausible claim that he has satisfied the regulatory and statutory requirements but the S.E.C. nonetheless refuses to approve his offering

statement. His complaint fails to state a claim. It is dismissed, with leave to file an amendment to determine if repleading will cure the deficiencies.

Carter has also filed a motion asking for court-appointed counsel. It appears that he is proceeding under 28 U.S.C. § 1915(e)(1) (providing for appointment of counsel in proceedings *in forma pauperis*). The record does not provide a basis to appoint counsel at this time.

The complaint is dismissed. Carter must file an amended complaint no later than **February 11, 2011**. His motion for appointment of counsel, Docket Entry No. 2, is denied.

SIGNED on January 18, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge