IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4956 |
| | § | |
| US SECURITIES & EXCHANGE COMMISSION, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Lee Carter, proceeding *pro se* and *in forma pauperis*, sued the Securities and Exchange Commission, seeking to compel it to register shares of his company, Free Movers, Inc. This court dismissed his original complaint for failure to state a claim and granted leave to amend. He filed an amended complaint. It too is deficient.

The original complaint read:

> I am filing a suit against the Securities and Exchange Commission. I am attempted to register 5 billion shares of stock with the SEC however I am a small minority owned business and I have no resources to complete the process unlike some of the larger companies. I have in my opinion provided adequate information for my stock to be registered but the SEC continues to provide me with vague blanket response that are saying I have not provided enough information which I feel I have. I am not seeking any monetary damages. I am only asking that the SEC provide me with registration for these shares so that I may legally sell them on the Pink Sheet exchange.

(Docket Entry No. 1). Carter attached an October 15, 2010 letter from the SEC explaining the its reasons for denying the registration: "the financial statements are stale, have not been prepared in accordance with GAAP and lack footnotes for all periods presented. Furthermore, . . . your most

recent amendment was not signed and you have not provided all of the exhibits required by Form 1-A." (*Id.* at 2). He also attached what appear to be documents related to his application for registration.

The amended complaint reads:

> I am filing a lawsuit against the Securities and Exchange Commission. I am attempting to registar [sic] 5 billion shares of stock. I have been told by a representative with the SEC that the SEC can provide me with an itemized summary of each question on the filing that will tell me if the item # of the filing is correct or incorrect and if it is incorrect, what is wrong with the information provided on that item and how it can be fixed. I would like the SEC to provide me with the itemized summary adressing [sic] each item on my filing that way the registration of these shares will cease to be continually stalled. The SEC has only provided me with a generalized blanket summary that only says that the entire filing is incorrect but does not provide me information about each item in the filing. (Please see attached filing for registration of the 5 billion shares which is itemized.) I am requesting an itemized summary of each item on he registration filing that way through litigation and refiling of incorrect items the filing can be categorically and chronologically repaired item by item and this registration filing will not continually be stalled. Again I am not requesting monetary damages just the above information which will in time allow my shares to be registered so I may legally sell them on the Pink Sheet stock exchange. Thank you for your time in this matter as I have provided all the necessary information in the SEC registration filing for them to provide an itemized response to each item in he registration filing.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Under 28 U.S.C. § 1915(e)(2) (B)(i), a court may dismiss the suit "'before service of process or before the filing of the answer' as long as certain safeguards are met." *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th

Cir. 1991). A complaint is without an arguable basis in law if it is based on an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir.1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Although a *pro se* plaintiff's claims must be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), a *pro se* pleading must assert a claim on which relief can be granted, not merely conclusory allegations.

The Securities Exchange Act of 1933, 15 U.S.C. § 77a, *et seq.*, prohibits the sale of securities "unless a registration statement is in effect." *Id.* § 77e(a). There is no allegation in the complaint, even construed in the liberal fashion appropriate for *pro se* filings, that the S.E.C. has arbitrarily refused to approve the offering statement. To the contrary, Carter acknowledges in his complaint that he has not "completed the process" due to his lack of resources. His asserted belief that he has provided sufficient information is insufficient to state a plausible claim that he has satisfied the regulatory and statutory requirements but the S.E.C. nonetheless refuses to approve his offering statement. His amended complaint fails to state a claim. It is dismissed. Because he has attempted twice to state a claim, the complaint is dismissed without leave to amend.

In addition, Carter failed to appear at the initial pretrial conference, despite the court's order requiring him to do so. His failure is an additional reason to dismiss this case.

SIGNED on May 27, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3